ROBERT E. BELSHAW (SBN 142028)
OF COUNSEL
GUTIERREZ & ASSOCIATES
244 California St. Ste.300
San Francisco, California 94111
Telephone: (415) 956-9590
Facsimile: (415) 986-8606

Attorneys for Plaintiff
American Small Business League

E-filing

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE<br><br>Plaintiff,<br><br>v.<br><br>Martha N. Johnson, in Her Capacity as Administrator of the General Services Administration, and The General Services Administration<br><br>Defendants. | CASE NO. CV 10 0986 WHA<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>**Temporary Restraining Order Requested** |

## COMPLAINT FOR INJUNCTIVE RELIEF

### SUMMARY OF THE CASE

1.  This is an action for injunctive and other appropriate relief to prevent the destruction of information maintained by the General Services Administration in the Federal Procurement Data System--Next Generation. The Federal Procurement Data System – Next Generation (FPDS-NG) is the Federal Government's repository of federal contracting data.  All Federal agencies are required to report contract actions to FPDS-NG as a means of monitoring

and maintaining historical data on the Federal Government's purchasing practices. The FPDS-NG is accessible on the internet and provides the general public, Congress, watchdog groups and even federal agencies with the ability to police the Government's purchasing practices and the achievement of its congressionally mandated small business goals.

2. The General Services Administration ( GSA) has announced changes for FPDS-NG, scheduled to be implemented on **March 12, 2010**,. The GSA intends to remove the small business identifying field (currently, "isSmallBusiness") entirely. The changes will also eliminate the field "ContractorName" which identifies the recipient of the contract award and has been used to identify instances where small business contracts were awarded to large Fortune 500. This action is brought in an effort to maintain the transparency in government contracting practice by compelling the GSA to preserve the status quo and permit continued acess to the information it intends to delete form the FDDS-NG database.

## JURISDICTION AND VENUE

3. This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 15 U.S.C. § 702.. Venue lies in this district under 28 U.S.C. § 1391 (a)(2) ; (b)(2)

## THE PARTIES

4. Plaintiff is the American Small Business League ("ASBL"), an organization incorporated in California which has its principal place of business in Sonoma County, California. ASBL is a national organization established to research and focus public attention on emerging small business issues and to otherwise promote the interests of small businesses. ASBL's activities include the review of evolving federal and state government policy and procedures to determine possible impact on small business.

- 2 -
**COMPLAINT FOR INJUNCTIVE RELIEF**

5. Defendant U.S. General Services Administration (hereinafter "GSA") is an agency of the United States government. Defendant Martha N. Johnson is sue herein solely in her Capacity as Administrator of the General Services Administration.

6. The GSA maintains and operates the Federal Procurement Data System – Next Generation (FPDS-NG). The FPDS is the federal government's repository of federal contracting data. All federal agencies are required to report contract actions to FPDS-NG as a means of monitoring and maintaining historical data on the federal government's purchasing practices and monitoring compliance with federal laws concerning such practices. Federal agencies are required to report all contracts whose estimated value is $3,000 or more, and every subsequent modification to such contracts, regardless of dollar value, through the FPDS-NG database . *See*, FPDS.gov.

7. The FPDS-NG is used by the general public, government agencies and watchdog groups like plaintiff ASBL to review and provide oversight over the federal government's purchasing of goods and services. As a small business advocacy group, the ASBL closely monitors data transmitted through FPDS-NG. Specifically, the ASBL focuses its attention on contracts coded as small business contracts which must under the Small Business Act be awarded to small businesses. The Small Business Re-authorization Act of 1997 set a government-wide goal of awarding small businesses "not less than 23 percent of the total value of all prime contract awards for each fiscal year." Information stored in FPDS-NG is used by the ASBL to monitor and analyze the federal government's achievement of that goal.

8. The information fields currently available in the FPDS-NG provide the general public, Congress, watchdog groups and even federal agencies with the ability to police the government's purchasing practices and the achievement of its congressionally mandated small business goals. Specifically, the data provides independent audits of government purchases as a means of identifying large businesses masquerading as small businesses in the federal government's contracting programs. In fact, it currently provides the only means by which compliance with the mandatory small business set asides can be policed.

- 3 -
**COMPLAINT FOR INJUNCTIVE RELIEF**

11.     Prior to January 1, 2010, FPDS-NG was running Version 1.2. This version of FPDS-NG contained the field, "SmallBusinessFlag," [sic] which could be used by watchdog groups, the general public and policing authorities to identify firms, which have represented, or misrepresented, themselves as a small in order to obtain federal contracts which pursuant to the Small Business Act could only be awarded to small buisness . On or about January 1, 2010, GSA switched FPDS-NG to version 1.3, which made significant changes to the content of the database. Version 1.3 added a series of fields, and also changed the name of the field, "SmallBusinessFlag," to "isSmallBusiness."

12.    The additional changes which have been announced for FPDS-NG version 1.4, scheduled to be implemented on **March 12, 2010**, indicate that GSA intends to remove the small business identifying field ( currently, "isSmallBusiness") **entirely**. Version 1.4 will also eliminate the field "ContractorName" which identifies the recipient of the contract award and has been used to identify instances where small business contracts were awarded to Fortune 100 Corporations. A true and correct copy of the pertinent portions of the *XSD Specification Changes for Version 1.4* setting forth the deletion of the small business and contractor name fields, and the Detailed Release Notes identifying the implementation date of March 12, 2010, are attached to the Declaration of Christopher Gunn as Exhibit A.

12.     The removal of the aforementioned fields represents a major move towards decreased transparency in federal contracting data. The proposed switch from FPDS-NG version 1.3 to version 1.4 will destroy or eliminate access to historical data which currently provides the general public and watchdog groups with the ability to identify those instances in which large firms have misrepresented themselves as a small business. In addition, the removal of the "SmallBusinessFlag" will serve to obscure the actual recipients of federal small business contracts and create a barrier in the identification of large businesses as recipients of federal small business contracts.

13.     The removal of the aforementioned fields will make it significantly more difficult for the general public, watchdog groups and Congress to identify large businesses competing in the small business federal contracting space. The deletion of the small business and contractor name identifiers from the FPDS-NG will further act to shield the identity and size of the

recipients of government contracts from the general public and open the opportunity for fraud by large corporations seeking to unlawfully obtain contracts which by law are required to be set aside for small- businesses, and /or minority, woman, and veteran owned firms. There is no reason or justification for destroying, or significantly limiting access to data identifying the recipients of federal small business contracts or for decreasing transparency required for future contract oversight.

14. If the GSA is permitted to implement FDPS-NG 1.4 on March 12, 2010, ASBL's efforts to oversee compliance with the set aside requirements in the Small Business Act will be sharply curtailed due to lack of access to the data required. In addition, the general public, other watchdog organizations and even federal agencies will loose access to this important data. The result will be completely inconsistent with the Government's stated goals of transparency and open government.

15. On information and belief, the GSA has failed to comport with the requirements of the Federal Records Act of 1950, as amended, in the proposed removal of the small business and contractor name fields data from the FPDS-NG database. See, 44 U.S.C. Chapter 31. The Act establishes a mandatory framework for records management programs in Federal Agencies. Federal records may not be destroyed except in accordance with the procedures described in 44 U.S.C. 3301 et seq. These procedures allow for records destruction only under the authority of a records disposition schedule approved by the Archivist of the United States. On information and belief, GSA has failed to comport with the procedural prerequisites for modifying, deleting or destroying any data in the FPDS-NG database.

16. Further, deletion of this data from a publically web- accessible database is contrary to the contract reporting requirements of the Federal Funding Accountability and Transparency Act of 2006 ( Pub.L 109-282) as interpreted in 48 CFR (1) (A) 4.02.which provides:

> (a) The FPDS provides a comprehensive mechanism for assembling, organizing, and presenting contract placement data for the Federal Government. Federal agencies will now report data directly to the Federal Procurement Data SystemNext Generation (FPDS-NG), which collects, processes, and disseminates official statistical data on Federal contracting. The data provide (1) A basis for

COMPLAINT FOR INJUNCTIVE RELIEF

recurring and special reports to the President, the Congress, the General Accounting Office, Federal executive agencies, and the general public; (2) A means of measuring and assessing the impact of Federal contracting on the Nation's economy and the extent to which small, veteran-owned small, service-disabled veteran-owned small, HUBZone small, small disadvantaged, and women-owned small business concerns are sharing in Federal contracts; and (3) Information for other policy and management control purposes, and for public access.

....

1. 4.603 Policy.

(a) In accordance with the Federal Funding Accountability and Transparency Act of 2006 (Pub. L. No. 109-282), *all Federal award data must be publicly accessible.*

(b) Except as provided in 4.606(a)(2), executive agencies shall use FPDS to maintain publicly available information about all contract actions exceeding the micro-purchase threshold, and any modifications to those actions that change previously reported contract action report data, regardless of dollar value.

The deletion of the small business and contractor identity fields renders the Federal award data unavailable to the general public, and prevents an accurate assessment of the extent to which small, veteran-owned small, service-disabled veteran-owned small, HUBZone small, small disadvantaged, and women-owned small business concerns are sharing in Federal contracts. As such, it is violation of Federal Funding Accountability and Transparency Act and the above cited regulations.

## CAUSE OF ACTION

17. The proposed deletion of the "issmallbusiness" and "contractorname" identifier fields is contrary to the of Federal Funding Accountability and Transparency Act and regulations promulgated there under, and in violation of the procedural requirements for the disposition of government records under the Federal Records Act, 44 U.S.C chapter 41.

18. The proposed deletions will do permanent and irreparable harm not only to plaintiff, but also the general public.

19. Plaintiffs have no adequate remedy at law.

WHEREFORE, ASBL prays that this Court:

A. Issue an temporary restraining order, preliminary and permanent injunctions r prohibiting the defendants from implementing FPDS-NG Version 1.4 or, alternatively deleting the "issmallbusiness" and "contractorname" identifier fields in the current version of the database when and if Version 1.4 is implemented..

B. Provide for expeditious proceedings in this action;

C. Award ASBL its costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

Dated:  March 8, 2010         GUTIERREZ & ASSOCIATES

By: _____
ROBERT E. BELSHAW
Attorneys for Plaintiff ASBL