IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>            Plaintiff,<br><br>   v.<br><br>MARTHA N. JOHNSON, in her capacity as Administrator of the General Services Administration, and THE GENERAL SERVICES ADMINISTRATION,<br><br>            Defendants.<br>                                                            / | No. C 10-00986 WHA<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

## INTRODUCTION

In this action regarding the accessability of information provided by the Federal Procurement Data System–Next Generation, plaintiff moves for a preliminary injunction. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

Plaintiff American Small Business League ("ASBL") is a national small business advocacy organization established to promote the interest of small businesses. One task conducted by the ASBL is the monitoring of federal contracts to determine whether the correct number of contracts required by law have been set aside for small businesses. The ASBL monitors information provided by the Federal Procurement Data System–Next Generation ("FPDS-NG") — a database of federal contracting data administered by the GSA.

1    This action is based on a change to the FPDS-NG database search fields. On March 12,
2 2010, the GSA implemented "Version 1.4" which removed the search field previously used to
3 identify small businesses, "isSmallBusiness," and the field which identified recipients of federal
4 contracts, "Contractor Name" (Gunn Decl. ¶ 12). Plaintiff alleges that these changes were made
5 in violation of the Federal Funding Accountability and Transparency Act, the Federal
6 Procurement Policy Act of 1974, and the Federal Records Act.

7    In the amended complaint, plaintiff alleges that the deletion of the "isSmallBusiness" and
8 "Contractor Name" fields "rendered the Federal award data *inaccessible* to the general public,
9 and prevents an accurate assessment of the extent to which small . . . business concerns are
10 sharing in Federal contracts" (Compl. 6). Plaintiff also alleges that these changes were made to
11 "*prevent* easy access to information" (Gunn Decl. ¶ 14). Plaintiff avers that its efforts to oversee
12 compliance have been "sharply curtailed" due to the deletion of the previous search fields (*id*. at ¶
13 15). Plaintiff now moves for a preliminary injunction to "prevent the destruction of information
14 maintained" by the GSA in the FPDS-NG (Br. 2).

15    Contrary to plaintiff's suggestion that the historical information previously available in the
16 "isSmallBusiness" and "Contractor Name" fields would be destroyed without a preliminary
17 injunction, defendants assert that the removal of those fields did not destroy any historical data,
18 and that the information continues to be maintained in FPDS-NG (Fornecker Decl. ¶ 21). The
19 information continues to be maintained in the same manner that the GSA has maintained all other
20 contract records since 1978 (*ibid.*). Defendants add that this information continues to be available
21 to the public through the Freedom of Information Act ("FOIA") (*ibid.*).

22    On March 8, 2010, plaintiff filed a motion for temporary restraining order. An order
23 issued denying the request without prejudice to plaintiff filing a properly noticed motion for a
24 preliminary injunction. Plaintiff now moves for a preliminary injunction. Defendants oppose the
25 motion and have also filed a motion to dismiss that is addressed in a companion order.

## ANALYSIS

27    "A preliminary injunction is a drastic and extraordinary remedy that is not to be routinely
28 granted." *Nat'l Steel Car, Ltd. v. Canadian P. Ry., Ltd.,* 357 F.3d 1319, 1324 (Fed. Cir. 2004)

2

(internal quotation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.,* 129 S. Ct. 365, 374 (2008).

### 1. DEGREE OF HARM.

The Supreme Court in *Winter* clarified that even if a likelihood of success on the merits is established, a mere "possibility" of irreparable injury will not suffice. *Id*. at 374–76. An irreparable injury is traditionally defined as a harm that cannot be remedied by possible damages awarded in a final adjudication. Accordingly, the "irreparable injury" prong must be adjusted when, as here, there is no possibility for damages. In this case, the undersigned will consider the degree of hardship that would occur absent the issuance of a preliminary injunction.

Though plaintiff asserts that the present facts establish an "obvious irreparable injury," it fails to identify such an injury with any specificity (Br. 6). The moving brief states that "the implementation of Version 1.4 destroyed, or at the very least, eliminated access to ten years of historical data" and "serves to obscure the actual recipients of federal small business contracts and will also create a barrier in the identification of large businesses receiving Federal small business contracts" (Br. 6–7). Defendants, however, assert that the removal of "isSmallBusiness" and "Contractor Name" fields did not destroy any historical data, and that the information continues to be maintained in FPDS-NG (Fornecker Decl. ¶ 21). Defendants add that this information continues to be available to the public through the FOIA (*ibid*.). Additionally, defendants assert that the information in the previous search fields is now available, "in a more accurate form," in the "ContractingOfficeSizeDetermination" and "VendorName" fields (Opp. 8).

In the moving brief, plaintiff states that it seeks to "prevent the destruction of information maintained" by the GSA with a preliminary injunction (Br. 2). Plaintiff's suggestion that information might be destroyed may have been sufficient to demonstrate a significant harm. Plaintiff does not, however, make this suggestion under oath. The only mention of destruction in the sworn declaration is as follows (Gunn Decl. ¶ 14): "The ASBL can find no justification for

3

destroying historical data identifying the recipients of federal small business contracts or for decreasing transparency required for future contract oversight." While plaintiff might be suggesting destruction of information, it fails to offer any support for such an assumption. Defendants have specifically stated that the information *has not* been destroyed (Fornecker Decl. ¶ 21). Plaintiff's reply brief and reply declaration no longer contain the contention that the information would be destroyed. In reference to the FOIA request, the reply declaration even states that it was a "means of obtaining data that the ASBL *believed* would be destroyed on March 12, 2010" (Gunn Decl. ¶ 8) (emphasis added). It seems clear from defendants' declaration and plaintiff's reply that the destruction of information is not a threat in the instant case (Fornecker Decl. ¶ 21).

The only remaining harm alleged by plaintiff, therefore, is the "barrier" placed on public access of federal contract information. Considering the other avenues for access, the alleged hardship is minor. *First*, defendants assert that the new "ContractingOfficeSizeDetermination" and "VendorName" fields provide the same information as the "isSmallBusiness" and "Contractor Name" fields (Opp. 8). If this contention is correct, plaintiff would not be able to demonstrate any harm whatsoever. Plaintiff, however, argues that these fields are not the functional equivalent of their predecessors based on a distinction in how business size is determined. *Second*, defendants aver that the public continues to have access to historical data via the FOIA (Fornecker Decl. ¶ 21). Defendants declare that ASBL submitted a FOIA request for 2007-2009 data stored in the "isSmallBusiness" field on March 9, 2010. The GSA states that it furnished plaintiff's request to ASBL on April 1 (Fornecker Decl. ¶ 21). Plaintiff, however, asserts that it has not received the requested information (Gunn Decl. ¶ 8). The parties' disagreement over whether plaintiff has yet received its FOIA information is not very relevant in the determination of this motion. The FOIA provides another avenue to obtain the information at issue. Even if a barrier exists in accessing federal contract data, such information is not completely hidden, nor is it in danger of being destroyed. Although plaintiff argues that the FOIA is not a substitute for FPDS, such a contention does not establish a degree of hardship which would warrant the issuance of a preliminary injunction.

4

### 2. LIKELIHOOD OF SUCCESS ON THE MERITS.

Plaintiff contends that defendants have violated the Federal Procurement Policy Act, which states that "all Federal award data must be publicly accessible" 48 CFR 4.603(a). Under oath, defendants assert that the business-size information from the "isSmallBusiness" field and the business-name information from the "Contractor Name" field is now available through the "ContractingOfficeSizeDetermination" and "VendorName" fields (Fornecker Decl. ¶ 18–19). If the same information that was contained in the former search fields is "now contained, in more accurate form . . ." in the "ContractingOfficeSizeDetermination" and "VendorName" fields, then plaintiff would be unable to show a violation of the "public access" requirement (Opp. 8).

In its reply, plaintiff asserts that these search fields are not the functional equivalent of the previous fields and offers a distinction regarding determination of business size. Plaintiff asserts that the "ContractingOfficeSizeDetermination" reflects a size determination made by a government contracting official while the "isSmallBusiness" field put the responsibility of assessing business size on the business itself (Reply 3). Plaintiff does not, however, explain this distinction in terms of how it relates to the "public access" requirement and fails to address how this distinction might support a showing of violation by defendants. Although further factual development remains to be seen, plaintiff has failed to demonstrate a likelihood of ultimate success on the merits.

### 3. NOTICE-AND-COMMENT REQUIREMENTS.

Plaintiff alleges that defendants violated 48 CFR 1.501-2, which states that "the opportunity to submit written comments on proposed significant revisions shall be provided by placing a notice in the Federal Register" with a minimum of 30 days given for the receipt of comments. Defendants assert that the changes were announced in October 2009 on the FPDS-NG website in order to give a 90-day comment period. Defendants do not, however, suggest that they did in fact provide notice in the Federal Register. Thus, if the deletion of the search fields was a "significant revision," the regulation was violated.

In *Fort Funston Dog Walkers v. Babbitt*, 96 F.Supp.2d 1021, 1039 (N.D.Cal. 2000), the National Park Service was required by regulation to publish in the Federal Register and allow

5

public comment before implementing proposed rule changes of a "highly controversial nature" or that resulted "in a significant alteration in the public use pattern." The Park Service violated this requirement when it implemented the closure of a park area to protect the habitat of threatened bird species without giving notice or an opportunity for comment. An injunction issued because contemporaneous documents including emails among Park Service employees showed that the Park Service was aware the changes would be highly controversial among park visitors. *Id.* at 1035.

In the present action, plaintiff has not shown that the deletion of the search fields was a significant revision. Nevertheless, it should be given the opportunity to do so by obtaining discovery on the pedigree of the change. Plaintiff may take discovery on emails within the GSA regarding how and why the decision was made to change the FPDS-NG database search fields, as well as obtain discovery of other materials regarding the reasons for the change. Plaintiff may also take two depositions on this subject.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for a preliminary injunction is **DENIED**. Plaintiff is allowed discovery as outlined above.

**IT IS SO ORDERED.**

Dated: June 8, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6