United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>    Plaintiff,<br><br>  v.<br><br>MARTHA N. JOHNSON, in her capacity as Administrator of the General Services Administration, and THE GENERAL SERVICES ADMINISTRATION,<br><br>    Defendants.<br>                                                                    / | No. C 10-00986 WHA<br><br>**ORDER DENYING MOTION TO DISMISS** |

## INTRODUCTION

In this action regarding the accessability of information provided by the Federal Procurement Data System–Next Generation, defendant moves to dismiss. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

An accompanying order denies plaintiff's motion for a preliminary injunction and recites the facts of this matter at greater length. In brief, plaintiff American Small Business League ("ASBL") is a national small business advocacy organization established to promote the interest of small businesses. One task conducted by the ASBL is the monitoring of federal contracts to determine whether the correct number of contracts required by law have been set aside for small businesses. The ASBL monitors information provided by the Federal Procurement Data

1  System–Next Generation ("FPDS-NG") — a database of federal contracting data administered by
2  the GSA.

3  This action is based on a change to the FPDS-NG database search fields. On March 12,
4  2010, the GSA implemented "Version 1.4" which removed the search field previously used to
5  identify small businesses, "isSmallBusiness," and the field which identified recipients of federal
6  contracts, "Contractor Name" (Gunn Decl. ¶ 12). Plaintiff alleges that these changes were made
7  in violation of the Federal Funding Accountability and Transparency Act, the Federal
8  Procurement Policy Act of 1974, and the Federal Records Act.

9  In its amended complaint, plaintiff alleges that the deletion of the "isSmallBusiness" and
10 "Contractor Name" fields "rendered the Federal award data inaccessible to the general public, and
11 prevents an accurate assessment of the extent to which small . . . business concerns are sharing in
12 Federal contracts" (Compl. 6). Plaintiff seeks a mandatory injunction that would require
13 defendants to restore the database fields "isSmallBusiness" and "Contractor Name." Plaintiff's
14 complaint alleges that without these two fields, plaintiff has no way of accessing the names of
15 federal contractors or determining whether they are considered small businesses. It also alleges
16 that the deletion of the two fields destroyed years of historical data.

**ANALYSIS**

18 "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter,
19 accepted as true, 'to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. -
20 ---, 129 S. Ct. 1937, 1949 (2009); FRCP 8(a). "A claim has facial plausibility when the plaintiff
21 pleads factual content that allows the court to draw the reasonable inference that the defendant is
22 liable for the misconduct alleged." *Ibid.* While legal conclusions can provide the framework of a
23 complaint, they must be supported by factual allegations. *Id.* at 1950. A court is "not bound to
24 accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v.*
25 *Twombly*, 550 U.S. 544, 555 (2007).

26 In their motion to dismiss, defendants assert that the removal of those fields did not
27 destroy any historical data, and that the information continues to be maintained in FPDS-NG (Br.
28 At 2–3). They argue information continues to be maintained in the same manner that the GSA

2

has maintained all other contract records since 1978 (*ibid.*). Defendants add that this information continues to be available to the public through the Freedom of Information Act ("FOIA") (*ibid*.). Defendants also argue that the information in question has *not* been destroyed (*ibid*.).

Defendants argue that plaintiff therefore "lacks standing" because it has not suffered an injury in fact. Defendants misapprehend the standard of review on a motion to dismiss. As noted above, all well-pleaded facts in the complaint must be taken as true. When a suit is challenges the legality of government action or inaction, and a plaintiff itself is an object of the action at issue, all the injury that it must plead to establish standing is that the action caused it injury, and that a judgment preventing or requiring the action will redress it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Plaintiff claims that it has been injured by the "barrier" placed on public access of federal contract information. Plaintiff contends that by removing the previous search fields, defendants have violated the Federal Procurement Policy Act, which states that "all Federal award data must be publicly accessible" 48 CFR 4.603(a). Although defendants aver that the public continues to have access to historical data via the FOIA, plaintiff argues that the FOIA is not a sufficient substitute for FPDS under the requirements of the FPPA, and that the new search fields are not the functional equivalent of the previous fields and offers a distinction regarding determination of business size. Plaintiff asserts that the "ContractingOfficeSizeDetermination" reflects a size determination made by a government contracting official while the "isSmallBusiness" field put the responsibility of assessing business size on the business itself.

These allegations are sufficient to state an injury to establish standing. While defendant may well be able to defeat them on summary judgment, it is premature at this stage to evaluate plaintiff's likelihood of success on a well-pleaded complaint. Defendants' motion to dismiss is **DENIED**.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 8, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE