IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>            Plaintiff,<br><br>   v.<br><br>MARTHA N. JOHNSON, in her capacity as Administrator of the General Services Administration, and THE GENERAL SERVICES ADMINISTRATION,<br><br>            Defendants.<br>_____/ | No. C 10-00986 WHA<br><br>**ORDER RE BRIEFING SCHEDULE FOR DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Defendants' motion to dismiss plaintiff's second amended complaint in this matter was noticed for hearing on August 12, 2010. Pursuant to Civil Local Rule 7-3, any brief in opposition to plaintiff's motion was due on July 22, 2010, but no opposition was received. Plaintiff was ordered to respond by August 3, 2010, and show cause for its failure to respond to the motion in accordance with Civil Local Rule 7-3(a) or alternatively to file a statement of nonopposition to the motion as required by Civil Local Rule 7-3(b).

Plaintiff's attorney Robert Belshaw has now submitted a declaration that plaintiff's failure to respond is due entirely to his inadvertence. Attorney Belshaw overlooked the noticing of defendant's motion to dismiss on August 12 and did not become aware of it until July 27, 2010, when plaintiff was ordered to show cause for its failure to respond (Belshaw Decl. at 2).

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), "the Court may, for good cause, extend the time" if a "party failed to act because of excusable neglect." Whether plaintiff has shown "excusable neglect" warranting additional time depends on consideration of four factors.

*Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997) (adopting the four-factor test set forth by the Supreme Court in *Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993)). These four factors are: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the person, and (4) whether the person whose "neglect" is under scrutiny acted in good faith. *Pioneer*, 507 U.S. at 395.

It is doubtful whether Attorney Belshaw's inadvertence constitutes excusable neglect. Plaintiff and its counsel must do better. Nevertheless, plaintiff shall be given another opportunity. Because its opposition will be useful to the determination of the merits of defendants' motion to dismiss, the deadline for plaintiff to file its opposition shall be extended to **AUGUST 9, 2010, AT NOON**. It is likely that plaintiff's failure to meet this deadline would result in dismissal of the case. Defendants' reply shall be filed by **NOON ON AUGUST 19, 2010**. This motion shall be decided on the papers.

**IT IS SO ORDERED.**

Dated: August 4, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2