IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMERICAN SMALL BUSINESS LEAGUE,

    Plaintiff,

  v.

MARTHA N. JOHNSON, in her capacity as Administrator of the General Services Administration, and THE GENERAL SERVICES ADMINISTRATION,

    Defendants.

No. C 10-00986 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

## INTRODUCTION

In this action on the public accessability of information provided by the Federal Procurement Data System-Next Generation, the federal defendants move to dismiss the second amended complaint for lack of subject-matter jurisdiction; plaintiff moves for leave to file a third amended complaint. For the reasons stated below, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART,** and plaintiff's motion for leave to amend is **GRANTED**. The hearing set for September 9, 2010 is **VACATED**.

## STATEMENT

Plaintiff American Small Business League is a national small business advocacy organization established to promote the interest of small businesses. The ASBL monitors federal contracts to determine whether the correct number of contracts required by law have been set aside for small businesses. The ASBL checks information provided by the

Federal Procurement Data System-Next Generation — a database of federal contracting data administered by the GSA.

This action followed a change to the database search fields. On March 12, 2010, the GSA implemented "Version 1.4," which removed the search field previously used to identify small businesses, "isSmallBusiness," and the field that identified recipients of federal contracts, "ContractorName." Plaintiff alleges that these changes were made in violation of the Federal Funding Accountability and Transparency Act, the Federal Procurement Policy Act, and the Federal Records Act.

Plaintiff sought a temporary restraining order to halt the then-proposed deletions and to avoid what it described as permanent and irreparable harm. That motion was denied on March 9 in order to give defendants an opportunity to be heard before enacting sweeping injunctive relief. Plaintiff then sought a preliminary injunction. That extraordinary remedy was denied on June 8 because (1) defendants specifically stated that no historical data had been destroyed; and (2) changes to the search fields did not completely hide federal contract data.

Defendants moved to dismiss for lack of standing. That motion was denied on June 8 because, although the federal contract data were still available to the public via the Freedom of Information Act, the changes to the search field represented a barrier to public access sufficient to aggrieve the plaintiff.

At issue now is plaintiff's proposed third amended complaint. Defendants have not consented to allow plaintiff to add a reference to 5 U.S.C. 702, part of the Administrative Procedure Act, into its jurisdictional statement. The APA enables judicial review and waives the sovereign immunity of the United States as a defendant. The original complaint and the first amended complaint included an erroneous citation to 15, not 5, U.S.C. 702. Ordered to show cause, plaintiff has stated that the mistake originated in the haste to obtain the TRO, then clung to the first amended complaint. Instead of correcting the typographical error, plaintiff deleted all mention of Section 702 from its second amended complaint.

2

Though unconvinced that an explicit mention of Section 702 is necessary, plaintiff contends that a single-sentence addition will suffice to establish subject-matter jurisdiction, and leave to amend should freely be given. Defendants oppose granting leave to amend because plaintiff has already squandered two opportunities to correct its mistake. Defendants also contend that the proposed amendment is too spare to correct the jurisdictional defect, both because it omits reference to 5 U.S.C. 704 (dealing with final agency action), and because it does not effectively rehabilitate the destruction-of-records claim in light of a declaration submitted in opposition to the preliminary injunction.

**ANALYSIS**

This order resolves two concurrent motions: defendants' motion to dismiss for lack of subject-matter jurisdiction, and plaintiff's motion for leave to amend the complaint.

**1.     MOTION TO DISMISS.**

The party seeking to invoke federal jurisdiction has the burden of establishing subject-matter jurisdiction. A jurisdictional challenge under Federal Rule of Civil Procedure 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Defendants bring both types of challenges.

**A.     Facial Challenges.**

If a Rule 12(b)(1) motion is a facial attack, a district court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Defendants allege that subject-matter jurisdiction is lacking because plaintiff has failed to cite the APA and failed to adequately identify any final agency action.

3

*(1)   Citing the APA.*

Defendants contend that the omission of a citation to 5 U.S.C. 702 in the second amended complaint is fatal.

A complaint must include a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). "Each complaint . . . must include a separate paragraph entitled 'Jurisdiction.' The paragraph will identify the statutory or other basis for federal jurisdiction and the facts supporting such jurisdiction." Civil Local Rule 3-5. The reason for these rules is that federal courts are courts of limited jurisdiction. "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189 (9th Cir. 1970) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

Plaintiff contends that defendants have violated several federal statutes, but plaintiff has not identified the source of its private right of action or how it will overcome the sovereign immunity of the United States as a defendant. Plaintiff relies on *Skora v. Brenner*, 379 F.2d 134 (D.C. Cir. 1967), and *Platsky v. Central Intelligence Agency*, 953 F.2d 26 (2d Cir. 1991), for the proposition that a specific citation to the APA is not a jurisdictional pleading requirement. These decisions from other circuits are unpersuasive because they involved a relaxed standard for *pro se* complaints. Pleadings must be construed so as to do justice. The APA may both give access to federal court and waive sovereign immunity. But plaintiff must explicitly point to the APA in its complaint.

Defendants would require a citation to Section 704 as well. Section 702 waives sovereign immunity and permits citizen suits, subject to limits in Section 704. *See Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998). To be safe, plaintiff should plead both sections. But pleading Section 702, as plaintiff has proposed, is sufficient. *See Parola v. Weinberger*, 848 F.2d 956, 958–59 (9th Cir. 1988).

4

Defendants' motion to dismiss for lack of subject-matter jurisdiction with respect to failure to plead the APA is **GRANTED**. The motion with respect to failure to plead Section 704 in particular is **DENIED**.

*(2) Final Agency Action.*

Defendants contend that plaintiff has failed to adequately identify any final agency action, putting the case outside the scope of the APA and therefore beyond federal jurisdiction. "[F]inal agency action" is necessary to invoke review under the APA. 5 U.S.C. 704. "Agency action is final if at least two conditions are satisfied: First, the action must mark the consummation of the agency's decisionmaking process . . . — it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *W. Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1196 (9th Cir. 1997) (internal quotations omitted).

Plaintiff alleges that defendants have already changed their search interface, hindering the public's right to access information. This allegation, on its face, identifies agency action of sufficient finality to survive a subject-matter jurisdiction challenge. *Rattlesnake Coalition v. E.P.A.*, 509 F.3d 1095 (9th Cir. 2007), is inapposite despite its emphasis on the importance of Section 704. The assertion of jurisdiction there faltered because the actor was Congress, not an agency; and the action was appropriation of funds, not actual disbursement.

Defendants also protest the inexact identification of final agency action because of the uncertainty regarding discovery, disclosure, and the scope of review. These concerns are discrete from the question of whether subject-matter jurisdiction exists in this case.

Defendants' motion to dismiss on these grounds is **DENIED**.

### B. Factual Challenge.

Defendants also bring a factual challenge because they dispute that records have been destroyed. "If the moving party converts 'the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party

5

opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'" *Wolfe*, 392 F.3d at 361.

Plaintiff contends that certain records have been destroyed, and thus the GSA has violated the Federal Records Act. In opposing a preliminary injunction, defendants furnished the declaration of Christopher F. Fornecker, the Chief of the Acquisition Systems Division for GSA. Defendants reference this declaration in their brief. Fornecker, who oversees the Federal Procurement Data System-Next Generation database, declared that the removal of the search fields did not destroy the records that formerly provided data for those fields (Fornecker Decl. ¶ 21). Defendants aver that, presumably even combined with the APA and 28 U.S.C. 1331, subject-matter jurisdiction is wanting because no claim arises under federal law — no records have been destroyed. Defendants' challenge fails for two reasons.

*First*, it is only "[w]here the jurisdictional issue is separable from the merits of the case" that a judge may consider extrinsic evidence. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). But "if the attack on jurisdiction requires the court to consider the merits of the case, the court has jurisdiction to proceed to a decision on the merits." *Id.* at 734. For example, in *Berardinelli v. Castle & Cooke Inc.*, 587 F.2d 37, 38–39 (9th Cir. 1978), a Sherman Act case, defendants challenged the nexus with interstate commerce of certain land-sale services. Defendants prevailed only because the plaintiff conceded that this issue was separable from the substantive issue of whether the defendants' conduct as brokers was anti-competitive. In the present case, the jurisdictional issue of whether records have genuinely been destroyed, in violation of the Federal Records Act, is inseparable from the merits of ASBL's substantive claim. Destruction of records is intermeshed with access to records, the essence of plaintiff's case.

*Second*, defendants extrapolate that the early denial of the preliminary injunction in this case demonstrates a thorough rejection of the destruction of records claim. But "[a] preliminary injunction is a drastic and extraordinary remedy that is not to be routinely

granted." *Nat'l Steel Car, Ltd. v. Canadian P. Ry., Ltd.,* 357 F.3d 1319, 1324 (Fed. Cir. 2004). A different standard now applies.

Defendants' motion to dismiss on this ground is **DENIED**.

### 2. MOTION FOR LEAVE TO AMEND.

Federal Rule of Civil Procedure 15(a) establishes the rule that after a response to the complaint has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a) applies until the expiration of the deadline for filing motions for leave to amend. The deadline to file such motions was July 30, 2010 (*see* Dkt. No. 33), and plaintiff's motion was timely filed. The Rule 15(a) standard is applied liberally, but leave to amend is not granted automatically. A district court may "deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations and citations omitted). In assessing these factors, all inferences should be made in favor of granting the motion. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

#### A. Undue Delay.

The first factor in determining the propriety of granting leave to amend is whether plaintiff unduly delayed in filing its motion. The motion is timely under the case management deadline for amendments and thus this factor favors the amendment.

#### B. Bad Faith.

The second factor in determining the propriety of granting leave to amend is whether leave is sought in bad faith. Defendants point to plaintiff's missed deadlines, hasty drafting, and incomplete work as dilatory conduct, but bad faith has not been shown.

#### C. Repeated Failure to Cure Deficiencies by Amendments Previously Allowed.

The third factor in determining the propriety of granting leave to amend is whether

7

"the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims." *Zucco Partners*, 552 F.3d at 1007. Such a failure may indicate that a plaintiff had no more facts to plead, and had made its "best case and had been found wanting." *Ibid.*

This is not the case here. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. 1653. "[A]n action should not be dismissed for lack of jurisdiction without giving the plaintiff an opportunity to be heard unless it is clear the deficiency cannot be overcome by amendment." *May Dept. Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980). This factor favors the amendment.

### D. Prejudice to Defendants.

The fourth factor in determining the propriety of granting leave to amend is whether granting leave to amend would prejudice the defendants. In general, "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Defendants claim that granting leave to amend would prejudice them by compelling them to continue to draft responses. Defendants cite *Davis v. Astrue*, 250 F.R.D. 476, 482 (N.D. Cal. 2008), which found that leave to amend would be prejudicial to defendants because repeated amendments required time-consuming and resource-draining responses. That is not the situation presented here. In *Davis*, the proposed amendment would have added a variety of new claims. Also, Davis's proposed third amended complaint followed eight months after his second amended complaint. In the present case, plaintiff's proposed amendment is more timely and adds no claims. Leave to amend will cause little prejudice to defendants.

### E. Futility of Amendment.

The final factor is whether the proposed amendment would be futile. An "amendment should not be barred as futile if the underlying facts may be a proper subject of relief." *Breier v. N. California Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The amendment must,

however, be able to survive a motion to dismiss. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1963). Plaintiff proposes adding a single reference to Section 702 to the complaint's jurisdictional statement. Defendants contend that the proposed third amended complaint does not cure the defects in the second amended complaint because it does not reference Section 704, contains incorrect citations to statutes, and continues to claim destruction of records despite a factual dispute about whether records have been destroyed. None of these contentions suggests futility; none weighs against granting leave to amend. However, as a concession to the shortness of life, this order directs plaintiff to add Section 704 as well as 702 in the amendment.

Based on an evaluation of these five factors, plaintiff's motion for leave to amend is **GRANTED.**

## CONCLUSION

For the above reasons, defendants' motion to dismiss plaintiff's second amended complaint is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion for leave to file a third amended complaint is **GRANTED**, subject to adding a reference to Section 704 as well. The amended pleading must be filed within seven calendar days. Defendants then have sixty calendar days to file an answer. The hearing scheduled for September 9, 2010, is **VACATED**.

**IT IS SO ORDERED.**

Dated: September 3, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE